6818

*IN RE* MOORE.

1. CONTEMPT.—ON APPEAL from judgment in criminal contempt, this Court can not consider questions of fact but only those of law and that of jurisdiction.
2. IBID.—ASKING A JUROR, not in presence of court or within courthouse precincts, to favor one indicted for murder and to do all he could for him, is some evidence of impeding and obstructing the proper administration of justice and is punishable as contempt of court.
3. IBID.—The acts held here to be a contempt are not the same as are made criminal in Section 263 of Criminal Code.
4. IBID.—May an indictable offense be punished by contempt proceedings?

Before GARY, J., Laurens, September, 1907. Affirmed.

In the matter of rules to show cause against Ludie J. Moore and Tom J. Blalock in case of State v. G. Wash Hunter. From order judging them in contempt, Moore and Blalock appeal.

*Messrs. Richey & Richey,* for appellants, cite: *Contempt:* 49 S. C., 199; 3 Ency., 777. *Nothing having been offered to show return of Moore was false, rule should have been discharged:* 73 S. C., 193. *Corruption of juror is indictable offense:* 10 S. C., 35; Crim. Code, 263.

*Solicitor R. A. Cooper,* contra.

March 24, 1908. The opinion of the Court was delivered by

MR. JUSTICE JONES. On May 17, 1907, Judge R. C. Watts, presiding in the Court of General Sessions for Laurens County, upon affidavit of J. K. Templeton, issued a rule against Ludie J. Moore, Tom J. Blalock and others to show cause before the presiding judge at the next term of said Court why they should not be attached for contempt for interfering or attempting to interfere with a juror in the discharge of his duties. Return to the rule was made before Judge Ernest Gary, presiding at the term of the Court, and he adjudged Lulie J. Moore and Thomas Blalock guilty of contempt and imposed upon each a fine of fifty dollars, and in default of payment, imprisonment in the county jail until they purge themselves of said contempt or be liberated by the further order of the Court.

This is a proceeding and judgment in criminal contempt and the appeal must be heard as if from a judgment in a criminal case. *State* v. *Nathans*, 49 S. C., 205, 27 S. E., 52. We can not, therefore, review any question of fact but can only inquire as to the jurisdiction of the Court and whether there was error of law.

The jurisdiction of the Court to punish for contempt is not disputed. The only question presented by the exceptions which we can consider is, whether there was any evidence whatever tending to show contempt of Court; for if there was no such evidence there would be reversible error of law.

The affidavit of J. K. Templeton was "That he was regularly drawn, and served, to act as a petit juror for the second week of the present term of Court. That after he was served by the sheriff, to wit: on the 7th day of May, 1907, at Clinton, in said State and county, he was approached by one Tom Blalock, who asked deponent if he would not favor his friend, Mr. G. Wash Hunter, on his trial for murder. Deponent replied that he did not know anything about the case; that he had never heard the evi-

dence, and that he could not express an opinion. Blalock then asked him (deponent) to say nothing about the conversation, and asked deponent to do all he could for Hunter. That on last Saturday, at Clinton, one Ludie Moore approached deponent and had a conversation with him, in which said Moore said he knew deponent was on the jury and he wanted him to do all he could for G. Wash Hunter. Deponent replied to him in substance about what he had told Blalock. * * * That immediately preceding deponent's conversation at Clinton with Ludie Moore the said Moore had been talking with R. Lee Hunter."

· This was some evidence of an attempt to improperly influence a juror in the discharge of his duty, of conduct which was calculated to impede and obstruct the proper administration of justice. Such conduct is punishable as contempt of Court. It is not essential to such an offense that the misconduct should be in the presence of the Court or within the courthouse precincts.

It is contended that Section 263, Criminal Code, prescribes punishment for corrupting or attempting to corrupt a juror, and if appellants are guilty of such an offense they should have been indicted under said section, and were not amenable to a rule to show cause as for contempt.

The statute forbids an attempt to corrupt a juror by offering *a gift or gratuity* with intent to influence his decision and does not strictly apply to an attempt to exercise personal influence, not connected with the offer of a gift or gratuity, as in the present case.

If the rule stated in 7 Ency. Law, 2d ed., 66, to the effect that the indictability of an offense is no bar to the right of the Court to punish it as a contempt, citing *State* v. *Williams,* 2 Spear's Law, 26, and other cases in support of the text, is not the law of this State, but that the contrary rule declared in *State* v. *Blackwell,* 10 S. C., 35, must govern the appellants are not helped, for the offense made

26—79

punishable by the statute is not the precise offense which was punished as contempt in this case.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.